09-3904-ag
Liu v. Holder

BIA
Vomacka, IJ
A078 746 840

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of August, two thousand ten.

PRESENT:
>    DENNIS JACOBS,
>        *Chief Judge,*
>    DEBRA ANN LIVINGSTON,
>    DENNY CHIN,
>        *Circuit Judges.*

_____

HONG YAN LIU,
>    *Petitioner,*

>    v.                                        09-3904-ag
>                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Feng Li, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Francis W. Fraser, Senior
                         Litigation Counsel, Kate D. Balaban,
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Yan Liu, a native and citizen of China, seeks review of the August 31, 2009, order of the BIA, affirming the December 14, 2007, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Yan Liu*, No. A078 746 840 (B.I.A. Dec. 14, 2007), *aff'g* No. A078 746 840 (Immig. Ct. N.Y. City Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Mandatory Gynecological Examinations**

The BIA found that even assuming Liu had engaged in "other resistance" and that the mandatory gynecological examinations she underwent constituted persecution, there

was "no nexus between [her] experiences and a desire by Chinese officials to punish her." In her brief before us, Liu argues that the BIA erred in making its nexus finding. Specifically, Liu argues that if she returns to China she will be forced to undergo mandatory gynecological examinations "partly on account of . . . her resistance to the family planning policy" (*i.e.*, fleeing China to avoid future gynecological examinations). However, Liu points to nothing in the record to support her argument that the gynecological examinations she underwent, or may have to undergo in the future, would be performed on account of her resistance to the policy. In fact, in Liu's asylum application, she asserted that "[i]n her village, women over 18 are required to undertake a gynecological checkup every quarter, regardless [of whether] they are married." Therefore, contrary to Liu's argument, the BIA reasonably determined that the gynecological examinations that she underwent were "not designed to persecute [her] for resisting the family planning policy, but rather were part of a standard procedure in China to prevent early or too many pregnancies, or educate women about the policy." *See* 8 U.S.C. § 1252(b)(4)(B); *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 637 (BIA 2008). Therefore, Liu's argument that she established a nexus between her resistance and the

3

gynecological examinations fails.  *See* 8 U.S.C. § 1101(a)(42).

## II.  Well-founded Fear of Future Persecution Based on Birth of U.S. Citizen Child

Liu also asserts that she has a well-founded fear of future persecution based on the birth of her U.S. citizen child.  In *Jian Hui Shao v. Mukasey*, this Court found no error in the evidentiary framework the BIA had adopted in analyzing claims, like Liu's, based on a fear arising from the birth of children.  546 F.3d 138, 143 (2d Cir. 2008).  Under that framework, the alien must: "(1) identif[y] the government policy implicated by the births at issue, (2) establish[] that government officials would view the births as a violation of the policy, and (3) demonstrate[] a reasonable possibility that government officials would enforce the policy against petitioner through means constituting persecution."  *Id.*  Liu's claim fails at each prong because she only has one child who has lived with grandparents in China since infancy.  The evidence that she presented concerned the government's treatment of citizens with *more* than one child.  As the BIA noted, even assuming that Chinese authorities discovered that Liu's child was residing in China, the evidence that she submitted failed to demonstrate that she would be forcibly sterilized for having

4

one child. *See id.* Moreover, Liu's assertion in her brief that she "would be subject to monitoring and controlling," does not suggest that the policy would be enforced through means constituting persecution. *Id.* Thus, to the extent Liu based her asylum application on an alleged fear based on a single child, the BIA did not err in finding that her fear was not objectively reasonable. *Id.* at 142-43; 8 C.F.R. § 1208.13(b)(2).

Because Liu was unable to demonstrate her eligibility for asylum, the agency reasonably denied her application for withholding of removal and CAT relief, as it was based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5